**SECURITIES AND EXCHANGE COMMISSION, Plaintiff—Appellee,**

v.

**Charles Anthony FERRACONE; James W. Farrell; James L. Ericksteen; Gary L. Moore; Jill Hall, Defendants,**

**and**

**Guido Bensberg, Defendant—Appellant.**

No. 01–57117.

D.C. No. CV–97–01684–RMB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Oct. 22, 2002.

Before GOODWIN, RYMER, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Guido Bensberg appeals the judgment entered against him for violating the Securities Act, 15 U.S.C. § 77q(a), and the Securities Exchange Act, 15 U.S.C. § 78j(b), together with Rule 10b–5, 17 C.F.R. § 140.10b–5. We affirm.

Bensberg argues that subject matter jurisdiction was lacking because Bensberg is foreign, Leu Bank and Lehman Brothers International (London) are foreign entities, and no element of fraud took place in the United States. However, sufficient conduct that materially furthered the fraudulent scheme occurred here. *See Grunenthal GmbH v. Hotz,* 712 F.2d 421, 424–25 (9th Cir.1983). Stock certificates for the Leu transaction were prepared and obtained in the United States, as were certificates of Affinity Teleproductions, Inc., which were delivered to Lehman Brothers Miami to facilitate the Lehman Brothers scheme. Money was deposited into Bensberg's account in Miami. This is unlike *Butte Mining PLC v. Smith,* 76 F.3d 287 (9th Cir.1996), upon which Bensberg relies, because there the only conduct in the United States (purchase of land) was preparatory to fraud that occurred in connection with an exchange outside the United States, between foreign entities, of stock in a foreign corporation for stock in another foreign corporation.

Bensberg also challenges the district court's consideration of evidence that he tried to open an account with Odlum Brown, a brokerage firm in Vancouver, British Columbia. We see no abuse of discretion. This evidence had no bearing on the court's jurisdictional decision; it was considered in determining whether to issue injunctive relief and to impose civil penalties. On these issues, Bensberg's in-

teractions with Odlum Brown had probative value. *See SEC v. Murphy,* 626 F.2d 633, 655–56 (9th Cir.1980).

Finally, Bensberg submits that the district court erred by finding that he is a recidivist and basing its decision to impose civil penalties on his approach to Odlum Brown and his lawful attempts to do business with Lehman Brothers Miami. However, likelihood of future violations is a factor that a court may properly consider. Beyond this, the court also based its decision on the absence of remorse, failure to attempt to remedy the wrong by repaying any of the fraudulently obtained funds, and the overwhelming evidence of fraud, deceit and manipulation that resulted in a loss of $10,571,261 to the victims. These, too, are factors that the court could properly consider.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.